IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL JACKSON and<br>EINAT JACKSON,<br>        Petitioners,<br><br>v.<br><br>JOSEPH EDLOW, et al,<br><br>        Respondents. | )<br>)<br>)<br>)<br>) Case No. 1:25-CV-307<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Petitioners Samuel and Einat Jackson, a married couple acting pro se, initiated this action by filing a petition for writ of mandamus. Samuel Jackson is a citizen of the United States and Einat Jackson is a foreign national and the lawful spouse and caretaker of Samuel. Petitioners allege that Respondents have failed to lawfully and timely adjudicate her I-485 application. As Respondents to this action, Petitioners have named Joseph Edlow, Director of U.S. Citizenship and Immigration Services (USCIS); Kristi Noem, Secretary of the Department of Homeland Security; Pamela Bondi, the Attorney General of the United States; the unnamed Field Office Director of USCIS, Buffalo Field Office; USCIS; U.S. Department of Homeland Security; and the U.S. Department of Justice.

As relief in the petition, Petitioners seek the issuance of a "writ of mandamus compelling USCIS to adjudicate without further delay all pending applications of Petitioner Einat Jackson including her application for lawful permanent residence (green card) and employment authorization." ECF No. 3, p. 3.

Shortly after the filing of the petition, Petitioners filed a motion for preliminary injunction and expedited consideration. In their motion for preliminary injunction, Petitioners seek relief similar to that listed in the petition and request that this Court do so in an expedited manner . ECF No. 5.

The Government, although it has not been served, has filed a response in opposition to the motion for preliminary injunction. ECF No. 11.

Every motion for preliminary injunction is judged the same way. Preliminary injunctive relief "is an extraordinary remedy, which should be granted only in limited circumstances." *Securities & Exchange Commission v. Chappell*, 107 F.4th 114, 126 (3d Cir. 2024) *quoting Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014). Any party seeking a preliminary injunction "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id. quoting Winter v. Nat. Res. Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008). "Generally, the moving party must establish the first two factors and only if these gateway factors are established does the district court consider the remaining two factors." *Id. quoting Greater Phil. Chamber of Comm. v. City of Phil.*, 949 F.3d 116, 133 (3d Cir. 2020). Once both of "the gateway factors are met, the court then determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.*

Here, Petitioners' request for a preliminary injunction must be denied because they have not, and cannot, establish that they are likely to succeed on the merits of their mandamus petition. A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. *In re Zimmerman*, 739 Fed. App'x 101, 103 (3d Cir. 2018) *citing Kerr v. United*

*States Dist. Court*, 426 U.S. 394, 402 (1976). "In order to justify the use of this extraordinary remedy, a petitioner must show, among other things, a clear and indisputable right to the writ." *Id. citing Haines v. Liggett Group Inc.*, 975 F.2d 81, 89 (3d Cir. 1992).

For a mandamus to issue, "a litigant must satisfy three requirements that courts have characterized as jurisdictional: (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Talbert v. Biden*, 2024 WL 3445749, at *4 (W.D. Pa. Apr. 11, 2024) *quoting Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (citing source omitted).

The present request for mandamus fails at the outset. Petitioners have failed to identify any "clear nondiscretionary duty" owed to them by any of the Respondents. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The Government has provided evidence that Ms. Jackson has no application pending with USCIS. ECF No. 11-1, ¶ 30 (Declaration of N. Cycyk, Senior Immigration Services Officer). Moreover, all of Ms. Jackson's filings have been either approved, denied, administratively closed, or rejected. *Id*. Petitioners have provided no evidence or argument to the contrary. In the absence of any pending application, there is no clearly nondiscretionary duty of any of the Respondents, mandamus relief is inappropriate here, and the petition must be dismissed. Likewise, the motion for preliminary injunction must also be dismissed.

An appropriate Order follows.